[Cite as *Macovitz v. Macovitz*, 2023-Ohio-1850.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN      )

LEANNE F. MACOVITZ                C.A. No.      22CA011864

     Appellant

     v.                                      APPEAL FROM JUDGMENT
                                                 ENTERED IN THE
TIMOTHY W. MACOVITZ           COURT OF COMMON PLEAS
                                                 COUNTY OF LORAIN, OHIO
     Appellee                                CASE No.      17DU083635

DECISION AND JOURNAL ENTRY

Dated: June 5, 2023

HENSAL, Judge.

**{¶1}** Leanne Macovitz appeals a judgment entry of the Lorain County Court of Common Pleas, Domestic Relations Division, that ordered her to serve 30 days in jail after finding that she did not substantially comply with the court's orders. For the following reasons, this Court affirms.

I.

**{¶2}** At the time of their divorce in 2019, the Macovitzes entered into a shared parenting plan concerning their four minor children. Over the following years, Father filed several motions to show cause, alleging that Mother had violated the plan by not allowing him to have the children at some of his designated times. Following a hearing before a magistrate, the trial court found Mother in contempt and conditionally sentenced her to jail, unless she purged the contempt finding. One of the purge conditions required Mother to let Father have the children every weekend in August 2021 and the first weekend of September 2021, including Labor Day. Mother did not allow Father to have the children on either the first weekend of August or the first weekend

of September. Following another hearing, the trial court found that Mother had failed to substantially comply with its orders, that Mother had a history of violating its orders, and that Mother had blatantly interfered with Father's parenting time. It, therefore, ordered Mother to serve the conditional sentence it had imposed. Mother has appealed, assigning as error that the trial court abused its discretion when it found that she did not substantially comply with the purge conditions.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING APPELLANT LEANNE MACOVITZ DID NOT PURGE HER CONTEMPT OF COURT, IN THE TRIAL COURT'S APRIL 21, 2022 JUDGMENT ENTRY, WHEN APPELLANT SUBSTANTIALLY COMPLIED WITH THE TRIAL COURT'S PURGE CONDITION'S VISITATION SCHEDULE IN SHARING THE PARTIES' MINOR CHILDREN FOR THREE OF THE FIVE REQUIRED WEEKENDS, IN ADDITION TO OTHER MITIGATING CIRCUMSTANCES; THUS, CREATING A VALID EXCUSE TO THE TRIAL COURT'S CONTEMPT FINDING.

{¶3} Mother argues that the trial court incorrectly found that she did not substantially comply with the purge conditions. This Court reviews the trial court's decision that Mother failed to purge herself for an abuse of discretion. *Metzger v. Valley Forge Golf Club, Inc.*, 9th Dist. Medina No. 1580, 1987 WL 15813, *2 (Aug. 12, 1987). An abuse of discretion is more than an error of judgment; it means that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶4} The purge conditions that the trial court imposed were for Mother to pay $500 to Father and allow Father five weekends of visitation with the minor children from August 6, 2021, through September 3, 2021. Mother acknowledges that she did not allow Father to have the children either the first or last weekend, including the Labor Day holiday. She argues that it was

reasonable for her to deny Father the children on the weekend of August 6th because she had planned and pre-paid for a birthday party for one of the children before the trial court imposed its order. She argues it was reasonable to deny the children to Father on the final weekend because she had planned and pre-paid for a vacation in Florida, also before the trial court imposed its order. She also argues that Father consented to those plans before she made them, and Father refused to make a good faith effort to allow her to make the time up on other weekends. Mother further argues that the trial court improperly looked at her conduct outside the purge period when assessing whether she had substantially complied with its order.

{¶5} Father notes that, under the shared parenting plan, he was already entitled to the children on the second and fourth weekends of August, so the trial court's purge order only granted him three make-up weekends, of which Mother complied with one. According to Father, of the 170 make-up hours the court granted him, he had the children for 48 of them, which is only a 28% compliance rate.

{¶6} Mother did not file an objection to the magistrate's decision that assigned the dates on which she could purge her contempt. In an objection, she could have asked the court for different dates, citing her paid commitments. Regarding the weekend of August 6, 2021, we note that text messages Father submitted indicate that the birthday party was scheduled from 2:00 to 4:00 p.m. on Sunday, August 8, 2021. Mother refused Father all the children for the entire weekend because of that two-hour commitment. Her exchanges with Father also indicate no attempt to maximize his time with the children during the purge period to make up for her violations of the shared parenting plan. Mother has not cited any authority establishing that it was improper for the court to note her history of noncompliance when determining whether it should sentence her to jail for interfering with Father's parenting time.

**{¶7}** Upon review of the record, we conclude that Mother has not established that the trial court exercised its discretion improperly when it found that she did not substantially comply with the purge conditions it had imposed and sentenced her to jail. Mother's assignment of error is overruled.

III.

**{¶8}** Mother's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

PATRICK D. RILEY and JOSEPH T. LAVECK, Attorneys at Law, for Appellant.

MICHAEL J. TONY, Attorney at Law, for Appellee.